UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ORTIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 15-5076 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On July 6, 2015, Janet Ortiz ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 7, 2015 Case Management Order ¶ 5.

///
///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 30, 2012, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on December 30, 2010, due to multiple sclerosis, carpal tunnel syndrome, arthritis in the back, seizures, and memory loss. (Administrative Record ("AR") 19, 92, 110). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on December 10, 2013. (AR 34-46).

On December 19, 2013, the ALJ determined that plaintiff was not disabled through March 31, 2012 (*i.e.*, the "date last insured"). (AR 19-25). Specifically, the ALJ found that during the period from December 30, 2010 through March 31, 2012 ("the relevant period"): (1) plaintiff suffered from medically determinable impairments of multiple sclerosis, carpal tunnel syndrome, seizure disorder, and lumber spine discogenic disease (AR 21); (2) plaintiff did not have an impairment or combination of impairments that was severe (AR 21); and (3) plaintiff's allegations regarding the intensity, persistence, and limiting effects of subjective symptoms were not credible (AR 24).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

(quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262

F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Federal courts may review only the reasoning in the administrative decision itself, and may affirm a denial of benefits only for those reasons upon which the ALJ actually relied. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted); see also Molina, 674 F.3d at 1121 (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947)) ("[courts] may not uphold an agency's decision on a ground not actually relied on by the agency").

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). A denial of benefits must be upheld if the evidence could reasonably support either affirming or reversing the ALJ's decision. Robbins, 466 F.3d at 882 (a court may not substitute its judgment for that of the ALJ) (citing Flaten, 44 F.3d at 1457); see also Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more

than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.") (citation omitted).

## IV. DISCUSSION

Plaintiff contends that reversal or remand is warranted essentially because the ALJ failed to find any severe impairment or combination of impairments at step two of the sequential evaluation process. (Plaintiff's Motion at 4-7). The Court disagrees.

### A. Pertinent Law

At step two, a claimant must present evidence of "signs, symptoms, and laboratory findings"[1] which establish a medically determinable physical or mental impairment that is severe and, at least, has lasted or can be expected to last for a continuous period of at least twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); see 20 C.F.R. §§ 404.1508, 404.1509, 404.1520(a)(4)(ii); see generally Bowen v. Yuckert, 482 U.S. 137, 148 (1987) (Secretary may deny Social Security disability benefits at step Two if claimant does not present evidence of a "medically severe impairment").

Step two is "a de minimis screening device [used] to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment is "not severe" only if the evidence establishes a "slight abnormality" that has "no more than a minimal effect" on a claimant's "physical or mental ability to do basic work activities."[2] 20 C.F.R. § 404.1521(a); Bowen, 482 U.S. at 153-54 & n.11

---

[1] Medical "[s]igns are anatomical, physiological, or psychological abnormalities which can be . . . shown by medically acceptable clinical diagnostic techniques." 20 C.F.R. § 404.1528(b). "Symptoms" are an individual's own perception or description of the impact of a physical or mental impairment. 20 C.F.R. § 404.1528(a).

[2] "Basic work activities" are "the abilities and aptitudes necessary to do most jobs" including "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; [¶] (2) Capacities for seeing, hearing, and speaking; [¶]

(continued...)

(Social Security claimants must make "*de minimis*" showing that impairment interferes with ability to engage in basic work activities) (citations omitted; emphasis in original); Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (citations and internal quotation marks omitted).

When reviewing an ALJ's findings at step two, the district court "must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." Id. at 687 (citing Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.")).

**B.     Analysis**

Here, there is substantial evidence from which the ALJ could find that the medical evidence clearly established that plaintiff did not have a severe impairment or combination of impairments during the relevant period. As the ALJ noted, the only three pages of medical records which address plaintiff's condition during the relevant period are "devoid of any evidence of seizure activity, carpal tunnel related symptoms and treatment, or persistent multiple sclerosis related symptoms," and instead reflect that plaintiff was "asymptomatic" and that plaintiff had "generally normal physical examination findings." (AR 23) (citing Exhibit 7F at 9, 11-12 [AR 220, 222-23]). As the ALJ also noted, medical records from the relevant period document no reports of fatigue, pain, weakness, lack of balance, or numbness for plaintiff except for one reference to fatigue. (AR 23) (citing Exhibit

---

[2](...continued)
(3) Understanding, carrying out, and remembering simple instructions; [¶] (4) Use of judgment; [¶] (5) Responding appropriately to supervision, co-workers and usual work situations; and [¶] (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b); see Bowen, 482 U.S. at 141 (same) (citations omitted).

7F at 9 [AR 220]).  A single reference to fatigue, however, is insufficient to satisfy plaintiff's burden at step two.  See, e.g., Ukolov, 420 F.3d at 1005 ("[Social Security Regulations] provide that under no circumstances may the existence of an impairment be established on the basis of symptoms alone.") (quoting Social Security Ruling 96-4p) (quotation marks omitted).

      The other evidence plaintiff cites (Plaintiff's Motion at 5-6) (citing AR 163-64, 242) does not detract from the ALJ's non-disability determination at step two.  As the ALJ noted, the opinions of Dr. Antoine E. Mitri, plaintiff's treating physician, in an April 29, 2013 Residual Functional Capacity Questionnaire ("Dr. Mitri's Opinions") did not address plaintiff's physical functioning specifically during the relevant period.  (AR 24, AR 163-64); cf. Freeman v. Apfel, 208 F.3d 687, 691 (8th Cir. 2000) (Where treating physician's evidence "did not pertain to [claimant's] condition during the relevant period [of disability] and was inconsistent with other substantial evidence that did pertain to the relevant period, the ALJ was under no obligation to give [the treating physician's] opinion controlling weight.") (citations omitted); see also Lind v. Commissioner of Social Security, 2008 WL 4370017, at *14 (S.D. Cal. Sept. 24, 2008) (same; citing, *inter alia*, id.), aff'd 370 Fed. Appx. 814 (9th Cir. 2010).  To the extent Dr. Mitri arguably intended to address plaintiff's condition during the relevant period, the ALJ properly rejected Dr. Mitri's Opinions which, as discussed above, were unsupported by the physician's own notes or the record as a whole.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]").

7

1       Even assuming that an October 9, 2012 x-ray of plaintiff's lumbar spine
2  reflects a back impairment which may have been present on or before the date last
3  insured, as the ALJ noted, there is no evidence of back-related complaints or any
4  related limitation *during the relevant period* which had more than a minimal effect
5  on plaintiff's ability to do basic work activities.  (AR 23, 242).  Plaintiff points to
6  no evidence (and the Court finds none) that the interpretation of the October 9,
7  2012 x-ray, without more, suggests otherwise.  See generally Matthews v. Shalala,
8  10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is
9  insufficient proof of a disability.") (citation omitted); Higgs v. Bowen, 880 F.2d
10 860, 863 (6th Cir. 1988) ("The mere diagnosis of [an impairment], of course, says
11 nothing about the severity of the condition.") (citation omitted); cf., e.g., Verduzco
12 v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999) ("Although the [claimant] clearly
13 does suffer from diabetes, high blood pressure, and arthritis, there is no evidence
14 to support his claim that those impairments are 'severe.'").
15      To the extent plaintiff argues that the ALJ was obligated to obtain a
16 consultative examination to evaluate the severity of plaintiff's impairments at step
17 two (Plaintiff's Motion at 6), plaintiff's argument lacks merit.  An ALJ has broad
18 discretion to order a consultative examination to resolve inconsistencies in the
19 evidence or when the evidence as a whole is not sufficient to make a decision on a
20 claim.  20 C.F.R. § 404.1519a; Reed v. Massanari, 270 F.3d 838, 841 (9th Cir.
21 2001) ("Commissioner 'has broad latitude in ordering a consultative
22 examination.'") (citation omitted); see also Johnson v. Astrue, 2010 WL 2102828,
23 *2 (E.D. Cal. May 24, 2010) ("Ordering a consultative examination ordinarily is
24 discretionary . . . and is required only when necessary to resolve the disability
25 issue.").  Here, the ALJ did not find, plaintiff does not reasonably argue, and the
26 record does not reflect that the medical evidence was ambiguous or insufficient as
27 a whole to permit the ALJ to make a disability determination in plaintiff's case.
28 Accordingly, the ALJ did not fail properly to develop the record in the manner

plaintiff suggests.  See generally Reed, 270 F.3d at 842 ("The government is not required to bear the expense of [a consultative] examination for every claimant.") (citation omitted).

Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 30, 2016

                                                           /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE